# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL THOMAS,<br><br>                         Petitioner,<br><br>    vs.<br><br>JOHN MARSHALL, Warden, et al.<br><br>                         Respondent. | Civil No.   07cv1240-DMS (WMc)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL** |

Petitioner, a state prisoner proceeding *pro se*, has requested appointment of counsel to pursue his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The request for appointment of counsel is **DENIED**.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The

1 appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*,
2 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah*, 18 F.3d at 573.

3 In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled
4 to appointed counsel unless the circumstances of a particular case indicate that appointed counsel
5 is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d
6 at 728-29. A due process violation may occur in the absence of counsel if the issues involved
7 are too complex for the petitioner. In addition, the appointment of counsel may be necessary if
8 the petitioner has such limited education that he or she is incapable of presenting his or her
9 claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

10 In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for
11 habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity
12 of the case, the factual complexity of the case, the petitioner's ability to investigate and present
13 his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d at 573 (citing *Battle v.
14 Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)); *Hoggard*, 29 F.3d at 471; *Boyd v. Groose*, 4
15 F.3d 669, 671 (8th Cir. 1993); *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993); *Johnson
16 v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

17 Because these factors are useful in determining whether due process requires the
18 appointment of counsel, they are considered to the extent possible based on the record before
19 the Court. Petitioner claims "by himself is unable to frame a constitutional argument, or perform
20 the most basic tasks of researching and writing a pleading to the court, which is imperative to
21 litigate this action, as the issues are myriad and complex" (Mtn. at 1). However, from the face
22 of the petition, filed *pro se*, it appears that Petitioner has a good grasp of this case and the legal
23 issues involved.

24 Under such circumstances, a district court does not abuse its discretion in denying a state
25 prisoner's request for appointment of counsel as it is simply not warranted by the interests of
26 justice. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). At this stage of the
27 proceedings, the Court finds that the interests of justice do not require the appointment of
28 counsel.

The Court also notes that "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard*, 29 F.3d at 471; *McCann v. Armontrout*, 973 F.2d 655, 661 (8th Cir. 1992); *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that district court did not abuse its discretion in denying § 2254 habeas petitioner's motion for appointment of counsel where allegations were properly resolved on basis of state court record). At this stage of the proceedings, it appears the Court will be able to properly resolve the issues involved on the basis of the state court record.

"The procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); *Bashor*, 730 F.2d at 1234. The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the Petition.

"The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." *Knaubert*, 791 F.2d at 729; *Richmond v. Ricketts*, 774 F.2d 957, 961 (9th Cir.1985); *Rhinehart v. Gunn*, 598 F.2d 557, 558 (9th Cir.1979) (per curiam); *Turner v. Chavez*, 586 F.2d 111, 112 (9th Cir.1978) (per curiam). Even when the district court accepts a state court's factual findings, it must render an independent legal conclusion regarding the legality of a petitioner's incarceration. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). The district court's legal conclusion, moreover, will receive de novo appellate review. *Hayes v. Kincheloe*, 784 F.2d 1434, 1436 (9th Cir. 1986).

The assistance counsel provides is valuable. "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." *Knaubert*, 791 F.2d at 729. However, as the court in *Knaubert* noted: "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is

entitled to rely on the state court record alone." *Id.* (citing *Sumner v. Mata*, 449 U.S. 539, 545-57 (1981), and 28 U.S.C. § 2254(d)).[1] Because this Court denies Petitioner's motion for appointment of counsel, it must "review the record and render an independent legal conclusion." *Id.* Moreover, because the Court does not appoint counsel, it must "inform itself of the relevant law. Therefore, the additional assistance provided by attorneys, while significant, is not compelling." *Id.*

If an evidentiary hearing is required, Rule 8(c) of the Rules Governing Section 2254 Cases requires that counsel be appointed to a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c), 28 U.S.C. foll. § 2254; *see Wood v. Wainwright*, 597 F.2d 1054 (5th Cir. 1979). In addition, the Court may appoint counsel for the effective utilization of any discovery process. Rule 6(a), 28 U.S.C. foll. § 2254. For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: November 27, 2007

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

Copies to:         ALL PARITES

---

[1] When a *pro se* petitioner presents a palpable claim that state court factual findings are erroneous, this Court properly exercises its discretion to hold an evidentiary hearing. In such circumstances, counsel will be appointed. See Rule 8, 28 U.S.C. foll. § 2254. Petitioner has not made such a showing in this case.